
Jrm (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan II. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 703 | **DATE** | 2/28/2003 |
| **CASE TITLE** | Thomas vs. Centeon Bio-Services, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of Gilco Scaffolding Company to dismiss[30-1] or for summary judgment [30-2] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 03 2003 | 46 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/28/2003 | |
| | | 03 FEB 28 PM 5:28 | date mailed notice | |
| MD | courtroom deputy's initials | FILED-10 Date/time received in central Clerk's Office | MD mailing deputy initials | |

| | |
|---|---|
| DAVID A. THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 01 C 0703 |
| | ) Judge Joan H. Lefkow |
| CENTEON BIO-SERVICES, INC., a corporation, and AVENTIS BEHRING L.L.C., a limited liability company, | ) |
| Defendants/Third-party plaintiffs, | ) |
| vs. | ) |
| EHC INDUSTRIES, INC., a corporation, and GILCO SCAFFOLDING COMPANY, a corporation, | ) |
| Third-party defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On December 22, 2000, plaintiff, David A. Thomas ("Thomas"), filed suit in the Circuit Court of Cook County, Illinois, Law Division, against defendants, Centeon Bio-Services, Inc. ("Centeon") and Aventis Behring L.L.C. ("Aventis Behring") alleging that defendants' negligence contributed to an injury he suffered while working at a site owned by Aventis Behring. On February 1, 2001, after complying with Local Rule 81.2, Centeon and Aventis Behring removed the case to this court on diversity of citizenship grounds. On March 4, 2002, Aventis Behring brought a third-party complaint against EHC Industries, Inc. ("EHC") and Gilco Scaffolding ("Gilco") seeking indemnification against ECH (Count I), contribution against EHC (Count II) and contribution against Gilco (Count III). Before the court is third-party defendant

46

Gilco's motion to dismiss count III under Rule 12(b)(6), Fed. R. Civ. P., or in the alternative, under Rule 56, Fed. R. Civ. P., for summary judgment. The court construes the motion as for judgment on the pleadings under Rule 12(c).[1] Thomas is a citizen of the State of Illinois. Aventis Behring is a Delaware limited liability company with its principal place of business in Pennsylvania. Centeon is a Delaware corporation with its principal place of business in Pennsylvania. The amount in controversy exceeds $75,000. The court, therefore, has jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a)(1). For the reasons set forth below, the court denies Gilco's motion.

## JUDGMENT ON THE PLEADINGS STANDARDS

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Judgment pursuant to Rule 12(c) is appropriate where "it appears beyond doubt that the plaintiff cannot prove any [set of] facts that would support his claim for relief." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). In considering a 12(c) motion, the court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Forseth*, 199 F.3d at 368. The court need not, however, accept as true conclusional legal allegations that the facts do not support. *Jackson v. E.J. Brach Corp.*,

---

[1] As Aventis Behring points out, Gilco's motion cannot be one under Rule 12(b)(6) because Gilco has filed an answer to Aventis Behring's third-party Complaint. *See* Fed. R. Civ. P. 12(b)(6) ("a motion making any of these defenses [(1) through (7)] shall be made before pleading if a further pleading is permitted."). Aventis Behring also argues that the motion cannot be for summary judgment because Gilco did not comply with the requirements of Local Rule 56.1(a)(3). While technically correct on both grounds, this has little practical effect on the case. The court merely construes the motion to dismiss as a motion for judgment on the pleadings under Rule 12(c). *See, e.g., Forseth v. Village of Sussex*, 199 F.3d 363, 368 n.1 (7th Cir. 2000). Both motions use the same standards. *Id.*

2

176 F.3d 971, 978 (7th Cir. 1999) (12(b)(6) motion); *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F. Supp. 1089, 1098 n.11 (N.D. Ill. 1991).

## BACKGROUND

Thomas commenced an action against Aventis Behring for personal injuries he sustained on January 12, 1999, while working at Aventis Behring's facility in Bradley, Illinois. (Def./Third-Party Pl. Resp. at 1). Thomas alleges that Aventis Behring was negligent in failing to provide a safe place in which to work and to supervise his work. (Def./Third-Party Pl. Compl. at 2). At the time of his accident, Thomas was an employee of Gilco, an independent subcontractor who had been hired by EHC to perform work at Aventis Behring's facility. (Def./Third-Party Pl. Resp. at 2). Pursuant to the Illinois Worker's Compensation Act, Gilco is believed to have paid in excess of $140,000 in workers' compensation attributable to Thomas' accident of January 12, 1999. (Def./Third-Party Pl. Resp. at 2). Thomas commenced this action against Aventis Behring based on the same accident. (Def./Third-Party Pl. Resp. at 2).

On the date of the accident, Gilco had a liability insurance policy with Reliance Insurance Company ("Reliance"). Reliance has been placed in liquidation and the Illinois Insurance Guaranty Fund has assumed Reliance's obligations. Aventis Behring was insured at the time of the accident by ACE Market Insurance Company ("ACE") under a policy with limits per person of $10,000,000. Thomas' pre-trial memorandum indicates that his demand is for $650,000.

On March 4, 2002, Aventis Behring filed a third-party complaint against Gilco, for its negligence in causing Thomas' accident, pursuant to the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/2. (Def./Third-Party Pl. Resp. at 2). On May 7, 2002, Gilco filed its answer to the third-party complaint. (Def./Third-Party Pl. Resp. at 2). Subsequently, on May 30, 2002,

3

Gilco filed the motion to dismiss, or for summary judgment, presently before the court. (Def./Third-Party Pl. Resp. at 2). In its motion, Gilco claims that its general liability insurer at the time of Thomas' accident has since been placed in liquidation, and thus Gilco is immune from this third-party suit for contribution. (Def./Third-Party Pl. Resp. at 2).

## DISCUSSION

Gilco argues that Aventis Behring's third-party contribution claim is improper because any recovery against Gilco would, in effect, be a payment from the Illinois Insurance Guaranty Fund to another solvent insurance company disallowed under Illinois law.[2] Specifically, Gilco points to the Illinois Insurance Code, as it applies to the Illinois Insurance Guaranty Fund Act, which states in part:

> (b) "Covered claim" does not include...
>
> > (v) any claim for any amount due any reinsurer, insurer, insurance pool, or underwriting association as subrogated recoveries, reinsurance recoverable, contribution or otherwise. No such claim held by a reinsurer, insurer, insurance pool, or underwriting association may be asserted in any legal action against a person insured under a policy issued by an insolvent company other than to the extent that such a claim exceeds the Fund obligation limitation set forth in Section 537.2 of this Code.

215 ILCS 5/534-3(b)(v). Gilco argues that, in essence, ACE, Aventis Behring's insurer, is pursuing a recovery against the Illinois Insurance Guaranty Fund as a subrogee via Aventis Behring's contribution claim.

The Illinois Guaranty Fund is a not-for-profit association created under Illinois law to

---

[2] Neither party disputes what law governs this diversity action, so the court will apply Illinois law. *See Wood v. Mid-Valley, Inc.*, 94 F.2d 425, 426 (7th Cir. 1991) ("The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits.").

4

limit the losses arising out of insurer insolvencies. *Pierre v. Davis*, 165 Ill. App. 3d 759, 760, 520 N.E. 2d 743, 744 (1st Dist. 1987). "Since all Illinois licensed insurers contribute to the Illinois Guaranty Fund, the philosophy of the Fund is to have all potential claims against the Fund's assets reduced by a solvent insurer, not the fund, wherever possible." *Id.*, 520 N.E. 3d at 744.

Neither party disputes that Gilco's general liability insurer (Reliance) was insolvent at the time of Thomas' accident, and that the Illinois Insurance Guaranty Fund has assumed Reliance's obligations with respect to Gilco's defense of the third-party claim. Moreover, no dispute exists that Aventis Behring is covered under a $10,000,000 insurance policy issued by ACE. As a result, Gilco argues that any amount recovered in the contribution action from the Guaranty Fund would be a subrogation to reimburse ACE for any amounts it paid to Aventis Behring under the insurance policy.

Aventis Behring argues that Gilco's sole argument in support of its motion is flawed because Gilco's potential liability for contribution to Aventis Behring will likely not require any monies to be paid out of the Guaranty Fund. According to Aventis Behring, under Illinois law an employer's liability for contribution in a third-party action is limited to the amount already paid by the employer in workers' compensation benefits. *See Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 165, 585 N.E. 2d 1023, 1027-28 (1992). Therefore, regardless of the provisions of the Illinois Insurance Code, Gilco has already paid in excess of $140,000.00 in workers' compensation benefits arising out of plaintiff's injuries and Gilco's potential liability to Aventis Behring for contribution would be limited to the amount of these payments.

The court agrees with Aventis Behring's analysis. In *Kotecki*, the Illinois Supreme Court

5

adopted the rule that an employer's contribution in a third-party action is limited by the workers' compensation liability of the employer. *Id.* Thus, Gilco's liability in contribution to Aventis Behring is limited to the amount it pays out in workers' compensation benefits.

At the same time, under Illinois law, when an employee brings a law suit against a third-party based on injuries for which the employee received workers' compensation benefits, an employer has a statutory lien on a portion of any judgment an employee obtains from the third-party equal to the amount of workers' compensation the employer paid. *See* 820 ILCS 305/5(b). Therefore, if Aventis Behring is found liable to Thomas and Gilco is found liable for contribution to Aventis Behring, Aventis Behring's recovery would be satisfied out of Gilco's lien against the judgment. *See LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 387, 706 N.E. 2d 441, 446 (1998).

In such a scenario, no payment would flow from the Illinois Guaranty Fund, making that portion of the Act inapplicable. Indeed, in response to Gilco's question in their reply brief wondering "why they are here" if they have no duty to make payments, the answer is that they have a right to recover for amounts already paid under workers' compensation, and Aventis Behring seeks to offset that amount by contribution against any judgment entered in favor of Thomas, which it is clearly allowed to do under Illinois law. If Gilco does not wish to bother with the expenses of going through this case, it could certainly waive or assign its statutory lien and be dismissed from the action. *E.g., Lannom v. Kosco*, 158 Ill. 2d 535, 543, 634 N.E. 2d 1097, 1101-1102 (1994) ("Thus, the trial court properly dismissed Kosco's third-party action for contribution against the county when the county stipulated that it would waive its workers' compensation lien."). In any event, under these circumstances no payment would flow from the Guaranty Fund, and Gilco's motion is denied.

## CONCLUSION

For the reasons stated above, Gilco's motion to dismiss or for summary judgment is denied [#30].

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 28, 2003