# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 703 | **DATE** | 7/29/2003 |
| **CASE TITLE** | Thomas vs. Centeon Bio-Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of third-party defendant EHC Industries, Inc. for summary judgment [40-1] is denied. Status hearing is set for 10/2/03 at 9:30 a.m. In the meantime, parties are to meet in a sincere effort to resolve this case short of trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 30 2003 | 62 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/29/2003 date mailed notice | |
| MD | courtroom deputy's initials | | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CENTEON BIO-SERVICES, INC., a )<br>corporation, and AVENTIS BEHRING )<br>L.L.C., a limited liability company, )<br>)<br>Defendants/Third-party plaintiffs, )<br>)<br>vs. )<br>)<br>EHC INDUSTRIES, INC., a corporation, and )<br>GILCO SCAFFOLDING COMPANY, a )<br>corporation, )<br>)<br>Third-party defendants. )<br>) | **DOCKETED**<br>JUL 3 0 2003<br><br>No. 01 C 0703<br>Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

On December 22, 2000, plaintiff, David A. Thomas ("Thomas"), filed suit in the Circuit Court of Cook County, Illinois, Law Division, against defendants, Aventis Bio-Services, Inc., (improperly named as Centeon Bio-Services) and Aventis Behring L.L.C. (collectively "Aventis Behring") alleging that defendants' negligence contributed to an injury he suffered while working at a site owned by Aventis Behring. On February 1, 2001, after complying with Local Rule 81.2, Aventis Behring removed the case to this court on diversity of citizenship grounds. On March 4, 2002, Aventis Behring brought a third-party complaint against EHC Industries, Inc. ("EHC") and Gilco Scaffolding ("Gilco") seeking indemnification against EHC (Count I), contribution against EHC (Count II), and contribution against Gilco (Count III). Before the court is EHC's motion for



summary judgment under Rule 56, Fed. R. Civ. P.[1]  Thomas is a citizen of Illinois.  The sole member of Aventis Behring L.L.C. is APC Holdings, Inc., which is a Delaware Corporation with its principal place of business in Bridgewater, New Jersey.  Aventis Bio-Services, Inc. is a Delaware corporation with its principal place of business in Pennsylvania.  The amount in controversy exceeds $75,000.  The court, therefore, has jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a)(1).  For the reasons set forth below, the motion for summary judgment is denied.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record.  Fed. R. Civ. P. 56(c) Advisory Committee's notes.  The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact.  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986).  In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial.  *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000).  A material fact must be outcome determinative under the governing law.  *Insolia*, 216 F.3d at 598-99.  Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*,

---

[1] On February 28, 2003, the court denied Gilco's motion to dismiss or for summary judgment.  *See Thomas* v. *Centeon Bio-Services*, No. 01 C 0703, 2003 WL 827408 (N.D. Ill. March 3, 2003).

2

200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**BACKGROUND**

On December 29, 1998, EHC and Aventis Behring entered into a service contract under which EHC was required to perform certain services at Aventis Behring's facility in Bradley, Illinois. EHC was to (1) "provide labor and material to perform Asbestos Abatement on the Building 5A courtyard chillers and associated piping/pumps as described in Proposal 619-HC dated 12/17/98;" (2) "assume sole responsibility for providing [its] employees and the employees of [its] subcontractors a safe place to work (including inspection as to the safety going upon any part of the existing structures);" and (3) satisfy itself "as to the condition of the premises" as necessary to carry out its work, including the work of any subcontractor. (Aventis Behring's Resp. to EHC's L.R. 56.1 ¶ 3.) EHC subsequently hired Gilco as an independent subcontractor to perform scaffolding services at Aventis Behring's facility. Thomas was an employee of Gilco.

Thomas was injured on January 12, 1999 while he was preparing to erect scaffolding at the facility owned by Aventis Behring. Thomas was carrying two 12-foot long planks on his shoulder across a landing attached to a stairway when the grates of the landing sank, thereby causing Thomas to twist and injure his knee. Thomas alleges that Aventis Behring, as owner of the facility, was negligent in failing to provide a safe place in which to work and to supervise his work. After Thomas filed his complaint against Aventis Behring and the action was removed to this court, Aventis Behring filed a third-party complaint against both Gilco and EHC.

3

## DISCUSSION

In Count I of its third-party complaint, Aventis Behring seeks indemnification from EHC under the service contract entered into between the parties. In Count II, Aventis Behring seeks contribution from EHC under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2 *et seq.* EHC seeks summary judgment on the Count I claim on grounds that the indemnification clause at issue both violates the Illinois Construction Contract Indemnification for Negligence Act, 740 ILCS 35/1 ("Negligence Act"), and is too vague to be enforced. EHC seeks summary judgment on the Count II contribution claim on grounds that it did not owe a duty to Thomas.[2]

### A. Indemnification (Count I)

The service contract between Aventis Behring and EHC, which went into effect the day Thomas was injured on January 12, 1999, states in relevant part,

> [EHC] agrees to indemnify and hold [Aventis Behring] and its affiliated companies . . . harmless from . . . any claim arising from . . . any injury to the person or property of employees of [EHC] or his subcontractors or materialmen except where due to the sole negligence of [Aventis Behring] or its employees; and as between [EHC] and [Aventis Behring], [EHC] assumes sole responsibility for providing his employees and the employees of his subcontractors a safe place to work (including inspection as to the safety of going upon any part of existing structures) and safe ladders, scaffolding and other equipment to work upon, [EHC] also agrees to indemnify and hold [Aventis Behring] harmless against any claims for injury to any such employee for failure to so provide.

EHC argues that this indemnification provision violates the Negligence Act. EHC also argues that the provision is too vague to be enforced. EHC asserts that each of these theories should result in summary judgment being granted in its favor on the Count I claim.

---

[2]EHC also argues that because Aventis Behring did not answer its affirmative defense that the indemnity contract violates the Negligence Act, it should be deemed admitted by the court. EHC does not cite, nor has the court ever seen, any authority supporting its argument that an affirmative defense is a pleading to which a response is required. *See* Fed. R. Civ. P. 8(c), (d). This argument is rejected.

4

Starting with the claim under the Negligence Act, that statute provides,

> With respect to contracts or agreements, either public or private, for the construction, alternation, repair or maintenance of a building, structure, highway, bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

740 ILCS 35/1; *see also, Illinois Bell Tel. Co.* v. *City of Highland Park*, 214 Ill. App. 3d 15, 28, 572 N.E. 2d 1267, 1275 (1991) ("[I]ndemnification provisions in construction contracts which relieve an entity of liability for its own negligence are void as against public policy."). EHC argues that the indemnification agreement in the service contract between EHC and Aventis Behring runs afoul of the Negligence Act because it allows Aventis Behring to recover for its own negligence and to "pass on" its liability to EHC. This argument, however, overlooks two contract interpretation maxims applied by Illinois courts to uphold similar indemnification clauses. In examining the validity of indemnification clauses under the Negligence Act, the Illinois Supreme Court has stated that "a contract should not be deemed illegal unless it is expressly contrary to the law or public policy," *Braye* v. *Archer-Daniels-Midlands Co.*, 175 Ill. 2d 201, 215, 676 N.E. 2d 1295, 1303 (1997), and that "statutes and laws in existence at the time a contract is executed are considered part of the contract." *Id.* at 216, 676 N.E. 2d at 1303. Either of these principles is sufficient to uphold the indemnification agreement in this case. Indeed, as illustrated below, such maxims have been applied to uphold similar indemnification clauses or, arguably, clauses that come even closer to expressly indemnifying a party for its own negligence.

In *Braye*,[3] the Illinois Supreme Court reversed an appellate court's decision concluding that language in an indemnification contract violated the Negligence Act. That indemnification contract provided that the defendant/third-party plaintiff, Archer Daniels Midland Co., ("ADM"), was entitled to indemnification from third-party defendant, All Tri-R, Inc. ("All Tri-R"), "except to the extent that any such injury or damage is due solely and directly to [ADM's] or its customer's negligence . . . ." *Id.* at 213, 676 N.E. 2d at 1302. The court upheld the agreement, noting that "ADM was presumed to know that indemnity promises are void in violation of public policy, and that a court would not enforce any contractual language which would suggest such a promise." *Id.* at 217, 676 N.E. 2d at 1303. Moreover, the court noted that "ADM concedes from the inception of the contract, any attempt to seek indemnity from All Tri-R would be futile." *Id.*, 676 N.E. 2d at 1303-04.

In *Liccardi v. Stolt Terminals, Inc.*, 178 Ill. 2d 540, 687 N.E. 2d 968 (1997), the Illinois Supreme Court dealt with an indemnification provision which provided that "[i]f [third-party defendant] performs services . . . hereunder, [third-party defendant] agrees to indemnify and hold harmless [defendant/third-party plaintiff] from all loss or the payment of all sums of money by reason of all accidents, injuries, or damages to persons or property that may happen or occur in connection therewith." *Id.* at 548, 687 N.E. 2d at 972. The court upheld the provision stating that the defendant/third-party plaintiff

> was presumed to know that indemnity promises in construction contracts are void in violation of public policy and that a court would not enforce any contractual

---

[3]EHC attempts to distinguish *Braye* on grounds that it involved the issue of whether an employer can waive the liability cap it is entitled to under *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 165, 585 N.E. 2d 1023, 1027-28 (1992). To be clear, the liability cap was but one issue the court addressed in *Braye*. The court also specifically stated that it was "asked to determine" "whether [the contractual language at issue] is void for being in violation of the [Negligence Act]." *Braye*, 175 Ill. 2d at 202, 676 N.E. 2d at 1297.

> language that would suggest such a promise. Moreover, there is no indication that [defendant/third-party plaintiff] ever believed that the contract here entitled it to indemnification for its own negligence.

*Id.* at 549-50, 687 N.E. 2d at 973. *See also, Biedzycki v. Northeast Ill. Reg'l Commuter R.R. Corp.*, No. 96 C 0571, 1998 WL 150724, at *3 (N.D. Ill. March 27, 1998) (in applying Illinois law, noting that "an indemnification provision must explicitly indemnify a party for *its' own* negligence before such a provision will be void under the [Negligence Act.] Absent such explicit language, the indemnification provision is presumed to indemnify that party only against the negligence of another.") (emphasis in original); *Dowling v. Otis Elevator Co.*, 192 Ill. App. 3d 1064, 1070-71, 548 N.E. 2d 866, 870 (1989) ("Indemnity contracts will not be construed as relieving one of liability for his own negligence unless such an intention is expressed in unequivocal terms.").

The Illinois Supreme Court's handling of the indemnification provisions in *Braye* and *Liccardi* illustrates that the indemnification clause in this case does not violate the Negligence Act. As is clear from the indemnification provision itself, it does not expressly indemnify Aventis Behring for its own negligence. Thus, the court refuses to take a reading of the provision that will cause it to be in violation of the law when another equally if not more plausible reading is available. Moreover, because the Negligence Act was in existence when the indemnification clause was formed, Aventis Behring was surely aware that it could not be indemnified for its own negligence. Indeed, in response to EHC's motion, Aventis Behring states that the provision "does not seek to indemnify Aventis Behring for its own negligence." (Resp. at 6.) Therefore, the indemnification clause does not violate the Negligence Act. EHC's argument on this ground is denied.

EHC's next attack on the indemnification agreement is its claim that the agreement is too vague to be enforced. According to EHC, the use of the term "sole negligence" in the indemnification agreement is vague because it is unclear what "sole" refers to in the context of Aventis Behring's negligence. EHC argues that Aventis Behring did not define the term "sole," and that the agreement should be construed against Aventis Behring because it was the drafter. This argument is rejected. The court finds no vagueness in the use of the term "sole" before "negligence." On a common sense reading of the indemnification provision, the term "sole" refers to any negligence attributable to Aventis Behring. EHC's claim that it may refer only to the situation where fault is attributable 100% to Aventis Behring is contrary to the plain language and meaning of the provision.

In addition, the court in *Braye* was confronted with similar language. The indemnification agreement there stated that ADM was entitled to indemnification "except to the extent that any such injury or damage is due *solely* and directly to ADM . . . ." 175 Ill. 2d at 213, 676 N.E. 2d at 1302 (emphasis added). The Illinois Supreme Court addressed this issue and merely construed the provision to apply to ADM's negligence, a very reasonable construction the court will also apply here. EHC's argument on this ground is rejected.

B.    **Contribution (Count II)**

Count II of Aventis Behring's third-party complaint seeks contribution in "an amount commensurate with the fault attributable to EHC" under the Illinois Joint Tortfeasor Contribution Act. In moving for summary judgment in its favor on this claim, EHC argues that it had no duty to Thomas and cannot be held liable in tort as a matter of law. EHC cites to Section 414 of the Restatement (Second) of Torts, which states that "[o]ne who entrusts work to

8

an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." *See also, Rangel* v. *Brookhaven Constructors*, 307 Ill. App. 3d 835, 839, 719 N.E. 2d 174, 178 (1999) (concluding that no liability would be imposed "unless the evidence shows the employer or general contractor retained control over the 'incidental aspects' of the independent contractor's work."); *Fris* v. *Personal Prods. Co.*, 225 Ill. App. 3d 916, 923, 627 N.E. 2d 1265, 1269 (1994) ("As a general rule, an employer of an independent contractor is not liable for the acts or omissions of the later."). EHC maintains that its contract with Gilco, a subcontractor, does not direct EHC to control the "incidental" aspects of Gilco's work. Therefore, EHC argues that it does not have a duty to Thomas and cannot be held liable for his injuries.

As Aventis Behring correctly points out in response, however, the relevant contractual relationship at issue is not between EHC and Gilco but instead concerns Aventis Behring and EHC. Under the terms of the contract between EHC and Aventis Behring, EHC assumed the "sole responsibility for providing to [its] employees and the employees of [its] subcontractors a safe place to work." (Def. Ex. A at 2.) This expressly included the duty of "inspection as to safety of going upon any part of existing structures." *Id.*

Thomas's injury, and his subsequent claim against Aventis Behring, concerns the safety of a particular landing on a staircase where he was injured. Aventis Behring maintains that this staircase is encompassed by EHC's contractual obligation to provide its employees and its subcontractors a safe place to work and that EHC had a contractual obligation to inspect it for safety. EHC does not mention the contractual obligation between Aventis Behring and EHC in

9

its briefs, nor would any attack on this contractual delegation of responsibility likely have persuasive force under Illinois law. *See, e.g., Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1016 (7th Cir. 2000) (in applying Illinois law, noting that "the contractual provision governing the relationship of the general contractor, Nelson, to the subcontractor also appears to have set a standard of care somewhat higher than the one set forth in the Restatement sections."); *Steuri v. Prudential Ins. Co. of Am.*, 282 Ill. App. 3d 753, 763, 668 N.E. 2d 1066, 1072 (1996) ("The contract [between the employer and the independent contractor] determines respective liability."). In short, EHC had a contractually delegated duty under the terms of its contract with Aventis Behring to provide its employees and its subcontractors a safe place to work. Whether EHC breached its duty to inspect such areas and assure itself that any structures at issue were properly maintained is a question of fact to be decided at trial. EHC's motion for summary judgment on the Count II claim, therefore, is denied.

## CONCLUSION

For the reasons stated above, EHC's motion for summary judgment is denied [#40]. This case will be called for status on October 2, 2003 at 9:30 a.m. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 29, 2003